IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00042-RLV
(5:06-CR-00022-RLV-DSC-18)

| | | |
|---|---|---|
| THOMAS JOSEPH ISBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss Petitioner's pro se motion to vacate, set aside or correct sentence, which he filed pursuant 28 U.S.C. § 2255. For the reasons stated herein, the Court finds that Respondent's motion to dismiss should be granted and Petitioner's § 2255 motion will be denied and dismissed.

I.  BACKGROUND

Petitioner and twenty-two co-defendants were indicted by the grand jury in this district with participating in a wide-ranging, multi-year conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One). (5:06-CR-00022, Doc. No. 3: Indictment). Petitioner elected to plead not guilty and proceeded to trial with co-defendant Jonathan Patterson. Following a ten-day trial, Petitioner and Patterson were found guilty.

Prior to Petitioner's sentencing hearing, the U.S. Probation Office prepared a presentence investigation report (PSR) and calculated a base offense level of 36 for the drug conspiracy conviction under § 2D1.1 of the U.S. Sentencing Guidelines Manual (USSG) after finding that Petitioner was responsible for 1569.99 grams of cocaine base, and 1.5 ounces of cocaine. (Id.,

1

Doc. No. 774: PSR ¶ 37). Petitioner was assessed a two-level enhancement because the probation officer found that Petitioner possessed a firearm during the course of the conspiracy pursuant to USSG § 2D1.1(b)(1), which yielded an adjusted offense level of 38. (Id. ¶ 38). The PSR also identified two 1988 convictions for assault on a female, each of which earned Petitioner a sentence of 2-years' imprisonment. According to the PSR, the terms of imprisonment were initially suspended, but later activated upon Petitioner's motion.[1] (Id. ¶ 52). Based on Petitioner's instant offense of conviction and the 1988 assault on a female convictions, the probation officer concluded that Petitioner qualified as a career offender which resulted in an offense level of 37 under USSG § 4B1.1, however because the adjusted offense level of 38 was higher, this latter level was applied. Petitioner's eleven criminal history points qualified him for a criminal history category V, but because he qualified as a career offender his criminal history category was Level VI. (Id. ¶ 66).[2] As a career offender, Petitioner's Guidelines range of imprisonment was 360 months to life. (Id. ¶ 109). Petitioner was ultimately sentenced to a term of 262-months' imprisonment and he appealed to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 835: Judgment).

Petitioner's conviction was upheld on appeal despite his contention that there was

---

[1] Petitioner was also convicted in 1988 in Caldwell County District Court in Lenoir, North Carolina, on one count of assault on a law enforcement officer and he was sentenced to 7-months' imprisonment. According to the PSR, the case was remanded to district court but there is no further explanation as to whether the conviction was allowed to stand. (Id. ¶ 51).

[2] In order to qualify as a career offender, the court must find that,

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1 (2007).

insufficient evidence to support a finding that there was one organized conspiracy. Petitioner argued that the evidence demonstrated the existence of multiple conspiracies involving disconnected participants and not the existence of a unified drug conspiracy. The Court rejected this argument after finding that numerous co-defendants testified to Petitioner's involvement in the drug conspiracy and the Court cited evidence which detailed his regular purchase and sale of cocaine and cocaine base during the time-frame of the conspiracy.

The Court likewise rejected Petitioner's challenge to the limitation on the cross-examination of certain witnesses regarding the dismissal of state charges against them, and the limitation on cross-examination into possible racial bias during the investigation into the conspiracy. Finally, the Court overruled Petitioner's challenge to this Court's ruling not to exclude the testimony of a witness who had violated the sequestration order and the Circuit Court denied Petitioner's challenge to the denial of his motion to suppress.

Petitioner's judgment was affirmed in all respects. See United States v. Patterson, 406 F. App'x 773 (4th Cir.) (unpublished), cert. denied, 131 S. Ct. 2893 (2011).[3] This collateral proceeding follows and Petitioner's claims will be discussed herein.

## II. DISCUSSION

A. Ineffective assistance of counsel

The Sixth Amendment to the United States Constitution provides that all defendants charged with a crime have the right to the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88

---

[3] The appeal was consolidated with Patterson's appeal and Patterson was given the lead case name.

(1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." Id. at 689. A petitioner seeking post-conviction relief based on a claim of ineffective assistance of counsel bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

       1.     Failure to Challenge Prior Convictions (Ground One)

Petitioner first argues that his trial counsel was ineffective because counsel failed to challenge his two prior North Carolina state convictions for assault on a female which he

4

sustained in 1988. (5:12-CV-00042, Doc. No. 1 at 4). Petitioner does not, however, make any credible argument that he is actually innocent of those offenses or that he was not provided the opportunity to have representation during the 1988 prosecution. Because this claim for relief is merely conclusory, it will be denied.[4]

2. Failure to Challenge Role in Conspiracy (Ground Two)

Petitioner asserts that he received ineffective assistance of counsel based on his attorney's failure to argue that he should not be held accountable for the conduct of his co-defendants in the conspiracy because he was not charged with a substantive count. (5:12-CV-00042, Doc. No. 1 at 5, Doc. No. 4 at 7). Petitioner fails to offer any authority which could entitle him to relief on this claim.

It is well-settled that a defendant may be held "liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." United States v. Dinkins, 692 F.3d 358, 384 (4th Cir. 2012) (quoting United States v. Ashley, 606 F.3d 135, 143-43 (4th Cir. 2010) (discussing doctrine of liability for substantive offenses committed by co-conspirator that are reasonably foreseeable and in furtherance of conspiracy as articulated in Pinkerton v. United States, 328 U.S. 640 (1946)). As the Fourth Circuit observed in his direct appeal, sufficient evidence supported Petitioner's conviction for conspiracy and "[n]umerous co-conspirators testified" that Petitioner "regularly purchased cocaine and cocaine base from and sold it to the same network of individuals" that were within the conspiracy in

---

[4] To the extent Petitioner argues that his 1988 convictions cannot support his designation as a career offender because they were classified as misdemeanors under North Carolina law, this argument is without merit. The Guidelines specifically provide, in pertinent part, that a prior felony conviction is an adult conviction for which the defendant could have received a term in excess of one year in prison. See USSG § 4B1.2, Application Note 1.

Western North Carolina and that Petitioner "referred buyers to other members of the conspiracy, transacted exchanges on behalf of other conspirators, as well as sometimes asking others to do the same . . ." Patterson, 406 F. App'x at 777. Based on the foregoing, it is plain that the purchase and distribution of cocaine and cocaine base within the conspiracy was reasonably foreseeable to Petitioner, as he was actively involved in the illegal acts, and that such actions of his co-conspirators were in furtherance of the conspiracy. This argument will be overruled.

Petitioner also argues, albeit erroneously, that the jury failed to make a "specific finding regarding [the] drug quantity" that was attributable to him. (5:12-CV-00042, Doc. No. 4 at 7). The jury clearly noted in their verdict form that more than fifty (50) grams of cocaine base and more than five hundred (500) grams of cocaine were attributable to Petitioner for his role in the conspiracy. (5:06-CR-00022, Doc. No. 606: Jury Verdict). This argument will be denied.

    B.    Career Offender Designation (Ground Two)

Petitioner contends that he was erroneously designated as a career offender because his 1988 assault on a female convictions do not qualify as "violent felonies." (5:12-CV-00042, Doc. No. 4 at 10). First, in order to qualify as a career offender, as noted herein, a defendant must have been convicted of two crimes of violence, not violent felonies, and a crime of violence is defined, in relevant part, as an "offense that has as an element the use, attempted use, or threatened use of physical force against the person of another." See Application Note 1 to USSG § 4B1.2. In addition, the crime of violence – which is satisfied by an assault on a female – must carry a potential sentence in excess of

one year and Petitioner was sentenced to a term of two-years for each of his 1988 assault convictions.[5]

Secondly, Petitioner was sentenced under § 2D1.1 of the Guidelines based on the drug quantities for which he was held responsible – at least 500 grams but less 1.5 kilograms of cocaine base – which resulted in a base offense level of 34. See (5:06-CR-00022, Doc. No. 869: Sent. Tr. at 21). This offense level coupled with his criminal history category VI yielded a Guidelines range of 262 to 327 months' imprisonment and Petitioner was sentenced to the low-end of that range. In contrast, had the Petitioner been sentenced as a career offender he would have been subject to a Guidelines range of 360 months to life imprisonment based on a total offense level of 37 and a Level VI criminal history category. For the reasons set forth, these claims for relief are without merit will be denied.[6]

C.    Ground Three

Petitioner again challenges his status as a career offender, however as noted, Petitioner was not sentenced as a career offender. Instead, he was sentenced based on the drug quantity attributable to him under § 2D1.1 of the Guidelines. As previously observed, had Petitioner been sentenced as a career offender he would have been subject

---

[5] Petitioner relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), to support his argument that the 1988 assault on a female convictions did not subject him to an active term of more than one year in prison. Petitioner contends that because he only served six-months of active incarceration on the 1988 convictions, that these convictions did not subject him to a term in excess of one year. (5:12-CV-00042, Doc. No. 4 at 11-12). This reading of Simmons mistaken. The threshold inquiry is whether Petitioner, who was sentenced to a two-year term of imprisonment, was a defendant that was subject to a term of imprisonment that was in excess of one year.

[6] Petitioner's assertion that he may be entitled to relief based on the Fair Sentencing Act (FSA) of 2010 is without merit. (5:12-CV-0042, Doc. No. 1 at 5). The Supreme Court has held that the FSA applies to those defendants that committed an offense prior to the effective date of the Act, August 3, 2010, and who were then sentenced after the effective date. See Dorsey v. United States, 132 S. Ct. 2321, 2336 (2012). Petitioner committed his drug offenses before the effective date and he was sentenced on April 7, 2009, and his judgment was entered on April 15, 2009.

to a Guidelines range of 360 months to life imprisonment. This argument will be denied.

D. Ground Four

Here, Petitioner presents the same contention that he was not charged with a substantive offense and that the jury failed to find that he was responsible for "a single gram of substance." (5:12-CV-00042, Doc. No. 1 at 7). This argument will be rejected for the reasons previously stated.

III. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion fails to state any claim upon which relief may be granted and the Government's motion to dismiss will therefore be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's motion to dismiss is **GRANTED**. (Doc. No. 14).

2. Petitioner's § 2255 motion is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that

the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: January 14, 2015

Richard L. Voorhees
United States District Judge