# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:06-CR-00022-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| THOMAS JOSEPH ISBELL, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Thomas Joseph Isbell's motions to reduce his sentence pursuant to the First Step Act of 2018. (Doc. Nos. 1295, 1306, 1400). Having carefully reviewed the motions, the parties' briefs, and all relevant portions of the record, the Court, in its discretion, will grant Isbell's motions and reduce his sentence to 188 months and his supervised release term to four (4) years.

## I. BACKGROUND

In February 2008, a jury convicted Isbell of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. In preparation for sentencing, the Probation Office submitted a presentence report ("PSR") in which it calculated a base offense level of 36 based on Isbell's responsibility for more than 1.5 kilograms of crack cocaine and 42 grams of powder cocaine. (Doc. No. 774, ¶ 37). The probation officer added two offense levels because Isbell possessed a firearm during the course of the conspiracy, resulting in a total offense level of 38. *Id.* ¶¶ 38, 42, 45. Although the probation officer found that Isbell qualified as a career offender based on his prior convictions for assault on a law-enforcement

1

officer and assault on a female, the career-offender offense level of 37 was lower than the offense level determined by the drug quantity calculation. *Id.* ¶ 43.

At sentencing, Isbell objected to the calculation of his base offense level, arguing that the evidence did not support the probation officer's finding that he was responsible for more than 1.5 kilograms of crack cocaine. (Doc. No. 869, 4-6). The Government consented to a reduction in Isbell's base offense level from a level 36 to a level 34 on the grounds that the testimony supported a finding that Isbell was responsible for at least 500 grams but less than 1.5 kilograms of crack cocaine. *Id.* The Court reduced Isbell's base offense level from a level 36 to 34, and also sustained Isbell's objection to the gun enhancement applied in the PSR. *Id.* at 21-22. Thus, because Isbell's adjusted offense level based on drug quantity became less than the career-offender offense level, the career-offender offense level of 37 became the adjusted offense level. *Id.* at 22-23.

After considering Isbell's evidence and arguments in favor of leniency, the Court agreed to vary downward by three offense levels (27%). *Id.* at 82. Based on an offense level of 34 and a criminal-history category of VI, the Court sentenced Isbell to 262 months in prison, a sentence at the bottom of the guidelines range after the three-level reduction. *Id.* at 82-83.

## II. LEGAL STANDARD

A district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). This prohibition, however, comes with a few exceptions. Among them, a district court may modify a term of imprisonment when it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 expressly permits sentencing modifications. § 404, 132 Stat. at 5222. As relevant here, the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act

2

"reduces the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack cocaine. *Id.* (citing Fair Sentencing Act, § 3, 124 Stat. at 2372).

The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404, 132 Stat. at 5222. "Even if a defendant is eligible for a sentence reduction, however, the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (citing § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")). When exercising its discretion, a district court considers the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3553(a).

3

Case 5:06-cr-00022-KDB-DSC    Document 1411    Filed 11/04/20    Page 3 of 7

### III. DISCUSSION

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined by the Act, and is, therefore, eligible for a sentence reduction. Here, the parties agree that Isbell is eligible for a reduction under the First Step Act. (Doc. Nos. 1400, at 4-5; 1403, at 3-5) (citing *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019)).

Second, even if a defendant is eligible, the Court exercises its discretion to determine whether a reduced sentence is appropriate. In doing so, the Court considers the Section 3553(a) factors, including the now-applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. *See United States v. Martin*, 916 F.3d 389 (4th Cir. 2019). District courts are given broad discretion in deciding whether to grant a sentence reduction under Section 404 of the First Step Act. *See Jackson*, 952 F.3d at 495.

In support of his request for a time served sentence, Isbell argues that he should not have been subject to the career offender enhancement because his instant offense of conviction does not qualify as a controlled substance offense under *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). In *Norman*, the Fourth Circuit held that § 846 offenses do not qualify as a generic conspiracy under the career offender guidelines of § 4B1.2(b). *Norman* was decided after Isbell's sentence was imposed, thus, the parties dispute whether *Norman* applies retroactively to Isbell's sentence. If retroactive, this Court would be required to apply *Norman* and recalculate Isbell's guidelines range without the career offender enhancement. *See United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). Isbell argues that *Norman* is retroactive. Without a career-offender enhancement, his total offense level drops to a 32 and his criminal history category becomes a V,

4

resulting in a guidelines range of 188 to 235 months. (Doc. No. 1400, at 14). The Government argues that *Norman* is not retroactive and therefore Isbell is still subject to the career-offender enhancement. However, the Government does consent to a reduction in Isbell's sentence to 191 months because, "[h]ad the First Step Act been in effect at the time Isbell was sentenced, he would have been subject to a statutory-maximum term of 40 years, instead of life in prison." (Doc. No. 1403, at 5). Accordingly, under the career-offender guidelines, this reduced statutory maximum would have reduced Isbell's adjusted offense level to a 34. Based on a total offense level of 34 and a criminal-history category of VI, the resulting guidelines range would be 262 to 327 months. Applying the same downward variance the Court applied at his original sentencing would result in a sentence of 191 months. The Court recognizes *Norman* and the implications it would have on Isbell's sentence if he were sentenced today, but it need not decide whether it applies retroactively.

Next, Isbell asserts that even if this Court does not adopt his argument that it must correct the *Norman* error in calculating the now-applicable guidelines range, the § 3553(a) factors still support a time served sentence. Specifically, Isbell argues that a variance to time served is warranted to avoid unwanted sentencing disparities, taking into consideration case-specific circumstances related to Isbell's character, and in light of his post-sentencing rehabilitation.

Isbell cites to a number of cases in which district courts have granted a sentence reduction under the § 3553(a) factors in light of the disparity created by a "career-offender error" that occurred at the original sentencing. (Doc. No. 1400, at 18-19). "As these cases show," Isbell argues, "a reduced sentence of [time served] is necessary 'to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" (Doc. No. 1400, at 20) (quoting 18 U.S.C. § 3553(a)(6)). Isbell contends that leaving his current sentence in place would create at least two kinds of disparity: "(1) a disparity between

5

Isbell and crack-cocaine offenders who were originally sentenced based on drug weight (rather than an erroneous career offender enhancement); and (2) a disparity between Isbell and other crack-cocaine offenders who were erroneously sentenced as career offenders but who have received reductions under the First Step Act." *Id.*

In addition to the need to avoid unwarranted sentence disparities, Isbell argues that the unique circumstances of his case warrant a variance. Isbell points to a number of letters filed on his behalf at his original sentencing, such as a letter from an investigator attesting to Isbell's good character. Isbell also contends that evidence of his post-sentencing rehabilitation warrants a reduction. Isbell has received two minor disciplinary infractions during his time in BOP and completed over thirty educational programs and work assignments. (Doc. No. 1401).

The Government, on the other hand, argues that the § 3553(a) factors counsel against a reduction in Isbell's sentence below 191 months. Isbell's offense conduct included his active participation in the charged conspiracy for more than eight years and his history and characteristics include multiple convictions for assault on a law-enforcement officer and assault on a female. The Government does not agree that a failure to reduce Isbell's sentence would result in unwarranted sentencing disparities among similarly situated defendants. It maintains that Isbell was properly classified as a career offender at the time he was sentenced and that his criminal history includes multiple felony assaults that distinguish him from the average defendant convicted of a drug-trafficking offense. (Doc. No. 1403, at 7). Furthermore, the Government contends that Isbell's letters of support were already factored into this Court's decision when it decided to vary downward at the original sentencing hearing, and that his BOP record is not so extraordinary that it outweighs his history of violent and drug-trafficking offenses and the serious nature of his offense conduct.

6

The Court, exercising its discretion under § 404 of the First Step Act, will reduce Isbell's sentence to 188 months. If Isbell were sentenced today, his guidelines range would be 188 to 235 months. The § 3553(a) factors do not counsel for a sentence outside this range, and the type of variance originally found by the Court may have been appropriate when the original range was so much higher, but not now. This sentence also avoids unwarranted sentencing disparities.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant's motions to reduce his sentence under the First Step Act of 2018, (Doc. Nos. 1295, 1306, 1400) are **GRANTED** as described herein. The Court hereby orders that Defendant's term of imprisonment and commitment to custodial authorities is reduced to an aggregate sentence of **ONE HUNDRED EIGHTY-EIGHT (188) MONTHS**.

**IT IS FURTHER ORDERED** that Defendant, upon release from imprisonment, shall be placed on a supervised release term of four (4) years on Count 1. All other terms and conditions of Defendant's sentence remain in full force and effect.

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of Counsel Pursuant to First Step Act, (Doc. No. 1309), and Motion to Travel, (Doc. No. 1334), be **DENIED AS MOOT**.[1]

**SO ORDERED.**

Signed: November 4, 2020

Kenneth D. Bell
United States District Judge

---

[1] Defense counsel has indicated that Defendant's mother passed away in December 2019 and that his Motion to Travel is now moot.